UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR16-40032-03 |
| Plaintiff, | FACTUAL BASIS STATEMENT |
| vs. | |
| CHAD MICHAEL GOTCH, | |
| Defendant. | |

The Defendant states that the following facts are true, and the parties agree that they establish the factual basis required by Fed. R. Crim. P. 11(b)(3) for the offense to which the Defendant is pleading guilty:

My name is Chad Michael Gotch.

Beginning at a time unknown to me, but prior to my involvement, and continuing until March 9, 2016, two or more persons formed an agreement to illegally distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in South Dakota and elsewhere.

In the fall of 2014, I voluntarily and intentionally joined the agreement or understanding to distribute methamphetamine when another co-conspirator and I agreed to purchase methamphetamine from one of the members of the existing conspiracy.

At the time I joined the agreement or understanding to distribute methamphetamine, I knew the purpose of the agreement or understanding.

During my involvement, I bought methamphetamine from a co-conspirator and distributed it to customers in South Dakota and elsewhere. I knew that the customers were reselling the methamphetamine to their own customers. While I was actively involved in furthering the purpose of the agreement or understanding, I personally distributed over 500 grams of methamphetamine.

Beginning at a time uncertain and continuing until March 9, 2016, two or more persons formed an agreement to illegally launder money received from the distribution of controlled substances in South Dakota and elsewhere.

I voluntarily and intentionally joined the agreement or understanding in the summer of 2015. At the time I joined the agreement or understanding to launder money, I knew the purpose of the agreement or understanding.

As part of the overall scheme, my co-conspirators and I utilized various methods to launder the illegal narcotic proceeds:

1. Two of my co-conspirators wanted to purchase a certain house in Yankton, South Dakota, but wanted to disguise the illegal source of the approximately $90,000 used to purchase it. They also wanted to conceal their identities so that they did not appear to be the buyers of the house.

2. One of the co-conspirators involved in the house purchase informed me and others of the plan and recruited us to help carry it out. I

[2]

agreed to help by converting cash drug proceeds into a cashier's check or money order for use in purchasing the house. The same co-conspirator then provided me with $7,000 in cash which I knew to be proceeds from illegal narcotics sales. I then deposited the cash into a bank account and received a money order or cashier's check in the same amount. I gave the cashier's check or money order to a realtor to be deposited into an account in Yankton.

3. The two co-conspirators involved in the house purchase then recruited two more people, other than myself, who agreed to pretend to be the actual buyers of the house in order to conceal the identity of the true buyers.

4. The same co-conspirator who had provided cash to me also provided illegal narcotics cash proceeds to several other co-conspirators to also have them convert the cash to cashier's checks or money orders in order to disguise the illegal nature of the funds. I knew that the purpose of my involvement and the involvement of the others was to conceal the nature, source, ownership and control of the illegal drug proceeds and to conceal the true ownership of the house being purchased.

5. Eventually, a wire transfer was made transferring the disguised illegal narcotics proceeds from the account of one of the persons pretending to be a co-buyer of the house to the title company for the purchase of the house. The purchase was completed during the summer of 2015.

6. Also, in 2015, pursuant to an agreement with a co-conspirator, I purchased motor vehicles with money derived from drug sales and put the

[3]

vehicles into inventory for a used car business owned by the co-conspirator and myself in Yankton.

Converting the illegal drug cash proceeds into cashier's checks or money orders and the wire transfer between the co-buyer's bank and the title company both affected interstate commerce, as did the purchase and resale of the various vehicles.

The parties submit that the foregoing statement of facts is not intended to be a complete description of the offense or the Defendant's involvement in it. Instead, the statement is offered for the limited purpose of satisfying the requirements of Fed. R. Crim. P. 11(b)(3). The parties understand that additional information relevant to sentencing, including additional drug quantities, may be developed and attributed to the Defendant for sentencing purposes.

RANDOLPH J. SEILER
United States Attorney

1-31-2017
Date

John E. Haak
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)357-2352
Facsimile: (605)330-4410
E-Mail: john.haak@usdoj.gov

1/27/17
Date

Chad Michael Gotch
Defendant

[4]

_1/27/17_
Date

_BKK_
Ryan J. Kolbeck
Attorney for Defendant

[5]