UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD MICHAEL GOTCH,<br><br>Defendant. | 4:16-CR-40032-03-KES<br><br>ORDER DENYING MOTION<br>TO CORRECT SENTENCE |

Defendant, Chad Michael Gotch, moves to correct the sentence entered by this court on June 20, 2017. Docket 268. Defendant contends that the written judgment entered by the court (Docket 260) is inconsistent with the oral pronouncement of the sentence at defendant's sentencing hearing. *Id.* Plaintiff, the United States, opposes the defendant's motion. Docket 272. For the reasons that follow, the court denies the defendant's motion.

## BACKGROUND

Defendant's sentencing hearing was held on Monday, June 19, 2017. Docket 254. At the hearing, the court asked the parties to specifically address whether defendant's federal sentence should run consecutive to or concurrent to the defendant's eight-year sentence imposed by the First Judicial Circuit of Union County, South Dakota, for a parole revocation on a theft related conviction. Docket 266 at 16-17. As the court observed, "Application Note 4 of 5G1.3 says the Sentencing Commission recommends that it be consecutive.

But I wanted to hear both of your opinions." *Id.* at 17. In response to that request, defendant argued that his federal sentence should run concurrent to his state sentence, *id.* at 17-19, and plaintiff argued that the court "follow the guideline's suggestion" and run the federal and state sentences consecutively. *Id.* at 18.

After listening to the parties' arguments—but before orally pronouncing defendant's sentence—the court described its view of whether defendant's federal sentence should run concurrent to or consecutive to his state sentence. *Id.* at 19-20. In doing so, the court remarked that while the court would normally run the federal sentence consecutive to the state parole revocation sentence, "because of the length of time that I'm going to impose today, I am going to run [the federal sentence] concurrent in full." *Id.*

The court then compared defendant's role in the drug conspiracy to that of his co-defendants. *Id.* at 20-22. In the court's view, because defendant was in the middle tier of culpability among the six co-defendants, his sentence should be around the 240 months that co-defendant Robert Joseph Budihas received and that co-defendant Larry Delbert Gotch, Jr. was scheduled to receive due to applicable mandatory minimums. *Id.* at 21. The court did, however, acknowledge that defendant "tried to end [his] role [in the conspiracy] before everything collapsed." *Id.* As such, the court sentenced defendant at the bottom of his advisory guideline range and orally pronounced defendant's sentence:

> Pursuant to the statutory and constitutional authority vested in this Court, it's the judgment of the Court that the Defendant, Chad Michael Gotch, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 235 months on Count 1 and 235 months on Count 2 to run concurrent.
>
> Both terms of imprisonment will run concurrent with the custody term imposed in file number 09-432A0 in the First Judicial Circuit Court of Union County, South Dakota.

*Id.* at 22. Both parties acknowledged they were unaware of any reason why the sentence could not be imposed as stated by the court. *Id.* at 24.

After the court advised defendant that in his plea agreement he waived his right to appeal unless the court sentenced defendant higher than his advisory guideline range, *id.*, defendant asked for clarification of whether his sentence ran concurrent from the date of his arrest with regard to his South Dakota state parole revocation sentence. *Id.* at 25. Defendant's attorney, Mr. Ryan Kolbeck, added to defendant's question by explaining that he previously informed defendant that it was his understanding that defendant's federal sentence would run concurrent to his South Dakota state parole revocation sentence and that the Bureau of Prisons (BOP) would calculate the time concurrent from the date of defendant's arrest on the South Dakota state parole revocation sentence. *Id.* Then, after determining that defendant was before the court on a writ of habeas corpus from the State of South Dakota, the court, defendant and his attorney Mr. Kolbeck, United States Probation Officer (USPO) Brent Hubers, and Assistant United States Attorney John Haak, clarified the court's sentence in the following conversation:

3

THE COURT: So he [(defendant)] only gets credit for the time that he's in federal custody and then concurrent as of today on.

MR. KOLBECK: Okay. We'll talk about that.

THE COURT: Mr. Hubers, is that right?

USPO HUBERS: As is stated on the record, yes, your Honor, the sentence will run concurrent from here on out if that was your intention.

I know he's been in custody for -- he was arrested in November of 2015 in Iowa for conduct related to this offense, was held there until February on those charges when they were dismissed and he was transferred to custody in South Dakota. So the time in Iowa --

THE COURT: He would get credit for probably.

USPO HUBERS: He should if the BOP calculates it correctly. He won't get credit from February until this point with the state since that's going to the revocation charge.

THE COURT: So the parole revocation is a separate matter and it would only be concurrent from today forward.

But with regard to the time that he was in Iowa, because that charge was dropped, is that right.

THE DEFENDANT: Yes, ma'am.

MR. KOLBECK: Yes, that was dismissed.

THE COURT: Because he doesn't get credit from anyone else and because it's related to this charge, he probably will get credit from the Bureau of Prisons for that time period.

MR. KOLBECK: Okay. And I'll contact the Bureau of Prisons and attempt to clarify all that to ensure that he does.

. . .

THE COURT: Mr. Haak, did you have anything you wanted to add on clarifying the time that he'll get credit for?

MR. HAAK: No, because I was listening and that's exactly how I believe it happens.

4

*Id.* at 25-26.

Following this discussion, the parties stated there was nothing else they wished to put on the record and the hearing was adjourned. *Id.* at 26. The court's written judgment reflected the oral pronouncement at the hearing and committed defendant to the custody of the BOP "for a total term of: 235 months on Count 1 and 235 months on Count 2, to run concurrent. Both terms of imprisonment shall run concurrent with the custody term imposed in file number 09-432A0 in First Judicial Circuit Court, Union County, SD." Docket 260 at 2.

## DISCUSSION

Defendant argues that his sentence should be reduced by a period of twenty months on each count to accurately reflect the court's intentions during the oral pronouncement. Docket 268 at 1; 3-4. Defendant states this reduction is necessary to ensure that defendant's sentence is comparable to the sentences given to his co-defendants who, unlike defendant, did not attempt to end their involvement in the conspiracy early. *See id.* at 2-4.

"The oral pronouncement by the sentencing court is the judgment of the court." *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994). If a conflict exists between the oral pronouncement and the written judgment, the oral sentence controls. *United States v. Johnson*, 719 F.3d 660, 672 (8th Cir. 2013) (citation omitted). "But, '[w]hen the oral pronouncement of sentence does not resolve whether a sentence runs consecutively or concurrently, the clearly expressed intent of the sentencing judge discerned from the entire record

5

controls.' " *Id.* (quoting *Tramp*, 30 F.3d at 1037) (alteration in original). "Moreover, 'written judgments and commitments may properly serve the function of resolving ambiguities in orally pronounced sentences.' " *Id.* (quoting *Aga v. United States*, 312 F.2d 637, 641 (8th Cir. 1963)).

Here, there is no ambiguity between the court's oral pronouncement of sentence and the written judgment. *Compare* Docket 266 at 22, *with* Docket 260 at 2. As the transcript of the sentencing hearing makes clear, the court's intent was to give the defendant some credit for his willingness to end the conspiracy early. It was not the court's intent, however, to give defendant double credit for his entire South Dakota state parole revocation sentence and his federal sentence. In fact, the court twice indicated its contrary intent by remarking that defendant was to receive concurrent time for his federal sentence and for his state parole revocation sentence from June 19, 2017, on. *See* Docket 266 at 25 (stating defendant "only gets credit for the time that he's in federal custody and then concurrent *as of today on*" (emphasis added)); *Id.* at 26 ("So the parole revocation is a separate matter and [the sentence] *would only be concurrent from today forward.*" (emphasis added)). Thus, because the court's oral pronouncement of defendant's sentence was not ambiguous, defendant's motion is denied.

Further, even if the court's oral imposition of sentence could be found to contradict the court's written judgment, the entire record can be considered to discern the sentencing judge's intent when rendering defendant's sentence. *See Johnson*, 719 F.3d at 672 (citations omitted). Here, that intent was to give

6

defendant credit for the time remaining on his South Dakota state parole revocation sentence by running the time remaining on that sentence concurrent to his federal sentence. *See* Docket 266 at 25-26. This was the court's intent despite the commentary found in Application Note 4 of United States Sentencing Guideline § 5G1.3(d). The commentary states that in cases where there is an undischarged term of imprisonment resulting from a state parole revocation—such as defendant's state parole revocation—in order to be "[c]onsistent with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." USSG § 5G1.3(d) cmt. n.4(C) (first alteration added). Moreover, had the court desired to give defendant additional credit, the court could have done so by granting the defendant's request for a downward variance. Thus, even if the court's oral pronouncement of defendant's sentence did contradict the court's written judgment, the record here demonstrate the court's clear intent to only run the defendant's federal sentence concurrent to the time remaining on his state parole revocation sentence.

## CONCLUSION

The court's oral imposition of sentence and written judgment are consistent and reflect the court's desire to run defendant's federal sentence concurrent to the time remaining on his South Dakota state parole revocation sentence as of June 19, 2017. To the extent the court's oral pronouncement of

7

defendant's sentence may contradict the written judgment, the record here demonstrates the court's intent to run the sentences concurrent only as of June 19, 2017, and to not give defendant any additional credit. Thus, it is

ORDERED that defendant's motion to correct his sentence (Docket 268) is denied.

DATED this 7th day of July, 2017.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE